IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25–cv–01976–PAB–MDB

BREANNA GASPER,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CUSTER COUNTY,
CUSTER COUNTY SHERIFF'S OFFICE,
LLOYD RICHARD SMITH, SHERIFF,
SUSAN BARNES, UNDERSHERIFF,
MATTHEW GRIBBLE, and
LINDA STANLEY,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Maritza Dominguez Braswell**

Before the Court is Plaintiff's Motion to Amend Complaint to Add State Constitutional Claims (Doc. No. 58 ["Motion to Amend"].) The County Defendants[1] filed a response in opposition to the Motion to Amend (Doc. No. 63), and Plaintiff filed a reply in support (Doc. No. 66). The Court presumes familiarity with the facts and legal issues underpinning this litigation and proceeds to a short summary of the relevant procedural considerations.

[1] The County Defendants are Defendants Board of County Commissioners of the County of Custer, Custer County Sheriff's Office, Lloyd Richard Smith, and Susan Barnes.

Plaintiff filed three separate actions, all concerning the same underlying facts. First, on June 25, 2025, Plaintiff filed the instant action ("First Federal Action"). (Doc. No. 1.) Then, on December 19, 2025, Plaintiff filed overlapping claims in state court ("State Action"). (Case No. 25CV30023, 11th Judicial District Court, Custer County.) A few months later, on February 6, 2026, Plaintiff filed a second federal action, this time lodging a single *Monell* claim on behalf of herself and two other plaintiffs ("Second Federal Action") (1:26-cv-00480-PAB-MDB, Doc. No. 1.)

The Court held a conference on August 18, 2026, and spent forty (40) minutes helping the parties untangle the issues. (Doc. No. 69.) There, and in its review of the relevant dockets, the Court learned of additional complexities, including that there are two other pending federal cases that overlap, to some extent, with the facts in some of the aforementioned cases. The first (1:24-cv-03542-PAB-MDB), was filed December 23, 2024, and concerns another plaintiff from the Second Federal Action. The second (1:26-cv-00479-PAB-MDB), was filed on the same day the Second Federal Action was filed, and also concerns a plaintiff from the Second Federal Action.[2] In other words, counsel for Plaintiff has filed a total of five different cases on behalf of three different plaintiffs, with overlapping facts and disputes concerning Custer County.

The Court does not perceive ill-intent or gamesmanship on the part of Plaintiff, but these procedural maneuvers have over-complicated matters. Additionally, Plaintiff's attempts to course-correct in real time, have compounded the complexity. For example, Plaintiff filed the State Action just days after Defendants filed their partial motion to dismiss here, in the First

[2] Though somewhat related, these two actions filed by two separate plaintiffs appear distinct enough to proceed on their own tracks for now.

Federal Action. (*Compare* Case No. 25CV30023, 11th Judicial District Court, Custer County, *with* Doc. No. 22.). Then, when Defendants moved to dismiss the State Action, Plaintiff filed an amended complaint in the State Action, forcing Defendants to file a renewed dismissal motion. (Doc. No. 63-1.) Then, the day after Defendants filed their renewed dismissal motion, Plaintiff filed the instant Motion to Amend, seeking to add claims that are already pending in the State Action. (*Compare* Doc. No. 63-1, *with* Doc. No. 58).[3] Suffice it to say that Plaintiff keeps moving the goalposts and making matters more complicated than they need to be for the Court and opposing counsel.

Leave to amend is freely granted under Federal Rule of Civil Procedure 15 and should be given when justice so requires. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). But the liberal standard is not unbounded. A court may deny leave on a showing of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the prejudice to Defendants of litigating in multiple fora, on essentially the same claims, is meaningful. It is also undue. Plaintiff chose to seek a remedy in state court, and she insists on maintaining that action. (*See generally* Doc. No. 72.) Adding the overlapping claims here, risks waste, inconsistent rulings, and more delay. Additionally, Plaintiff's reactive approach in litigation has itself caused undue delay. This is evidenced by the drawn-out dispositive motion

[3] Plaintiff's Motion to Dismiss (Doc. No. 48) is another attempt to pivot. It seeks dismissal of her *Monell* claim here, so she can pursue it in the Second Federal Action. The Court expresses no view on the merits of Plaintiff's Motion to Dismiss, and references it only for the limited purpose of demonstrating that Plaintiff keeps changing course.

proceedings in the State Action. Permitting amendment now would restart the dispositive motion process yet again and reward Plaintiff's failure to present a coherent case from the outset.

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion to Amend be **DENIED**.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of September, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge